```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION

ROY LOZANO, ET AL.              §
                                §
VS.                             §
                                §      CIVIL ACTION NO.4:09-CV-736-Y
DOREL JUVENILE GROUP, INC.,     §
d/b/a COSCO HOME AND            §
OFFICE PRODUCTS                 §
```

PROTECTIVE ORDER

Before the Court is the Motion for Entry of Protective Order (doc. #16) filed by Defendant Dorel Juvenile Group, Inc. ("Dorel"). Plaintiffs have agreed to the motion. After review, the Court GRANTS the motion.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), it is ORDERED that:

1. All Classified Information, as defined by this order, produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation for and trial of this case and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind, or character that is designated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as

"Confidential" or "Protected" (or "Produced Pursuant to Protective Order"), a party will make such designation only as to the information that it in good faith believes contains confidential information.  Information or material that is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

    3.  "Qualified Persons," as used herein means:

        a.  Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

        b.  Actual or potential independent technical experts or consultants who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information to such persons and who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the clerk of this Court by the attorney retaining such person);

        c.  The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the clerk of this Court by the party designating such person); and

        d.  If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and an opportunity to be heard is given to all parties.

    4.  Documents produced in this action may be designated by any party or parties as "Confidential" or "Protected" (or "Produced

Pursuant to Protective Order") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Protected" (or "Produced Pursuant to Protective Order").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information by indicating on the record at the deposition that the testimony is "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") and is subject to the provisions of this order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") thereafter. Each party shall attach a copy of

such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") for a period of thirty (30) days after the receipt of the transcript.

    To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information shall have page numbers that correspond to the blank pages in the main transcript.

    6. a. "Confidential" information shall not be disclosed or made available by receiving party to persons other than Qualified Persons. Information designated as "Protected" (or "Produced Pursuant to Protective Order") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

      b. Copies of "Protected" (or "Produced Pursuant to Protective Order") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of paragraph 3(b) above, shall be maintained only at the

4

offices of such Qualified Person and only working copies shall be made of any such documents.  Copies of documents produced under this protective order may be made, or exhibits prepared, by independent copy services, printers, or illustrators for the purpose of this litigation.

     c.    Each party's outside counsel shall maintain a log of all copies of "Protected" (or "Produced Pursuant to Protective Order") documents that are delivered to any one or more Qualified Persons of paragraph 3 above.

    7.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order.  Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Protected" (or "Produced Pursuant to Protective Order") during inspection.  At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") by the producing party.

    8.    Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "Protected" (or "Produced Pursuant to Protective

5

Order") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information, irrespective of which party produced such information.

9. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this protective order by objecting in writing to the party who has designated the document or information as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order"). The designating party shall be required to

move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this protective order.

10. Nothing shall be designated as "Protected" (or "Produced Pursuant to Protective Order") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating party, and that includes as a major portion subject matter that is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information if it is information that either:

    a. is in the public domain at the time of disclosure, as evidenced by a written document;

    b. becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    c. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    d. the receiving party lawfully receives such information at a later date from a third party

without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.  In the event a party wishes to use any "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information used therein shall be filed under seal with the Court. This provision notwithstanding, any party that wishes to file information under seal must seek leave of Court to do so. *See* N.D. Tex. Loc. R. Civ. P. 79.3(b).

12.  Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

13.  Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be

8

binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in the Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

14.  This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Protected" (or "Produced Pursuant to Protective Order") information produced by another party herein, when disclosure would be contrary to the terms of this protective order.

15.  Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this protective order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this protective prder.

Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this

case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.

    SIGNED: February 8, 2010.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE